IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO: JFM 16-0486 |
| | * | |
| MALIEK KEARNEY | * | |
| * * * | | |

**MOTION TO SUPPRESS EVIDENCE SEIZED FOLLOWING
LAW ENFORCEMENT SEARCH OF RESIDENCE AND VEHICLE**

COMES NOW, Maliek Kearney, by and through undersigned counsel, and requests this court suppress evidence seized by law enforcement following the execution of a search and seizure warrant on his residence and vehicle and in support thereof, states as follows:

A. BACKGROUND.

Mr. Kearney is charged along with one other defendant with Interstate Travel to Commit Domestic Violence Resulting in Death in violation of 18 U.S.C. Sec. 2261(a)(1) and Aiding and Abetting in violation of 18 U.S.C. Sec. 2. Discovery has not yet been provided.

B. SEARCH AND SEIZURE

On October 6, 2016, law enforcement executed a search and seizure warrant at 5455 Rowley Road, Apt. 8104, San Antonio, TX, an apartment leased to Mr. Kearney.[1] Among other things, police seized a cell phone, a laptop computer, a tablet computer, a digital camera, various documents, and a play station. In addition, on the same date, a search was conducted of Mr. Kearney's 2011 jaguar. It is unclear at this time whether any items were seized from the vehicle. Mr. Kearney asserts that any and all evidence

---

[1] Undersigned counsel assumes there are warrants and affidavits for the apartment and vehicle, but has not yet been provided these documents in discovery.

taken from his apartment and his vehicle by law enforcement authorities was obtained as the result of an illegal search and seizure in violation of his constitutional rights.

More specifically, the defendant moves to suppress evidence seized based upon information and belief that the warrants fail to allege sufficient probable cause that evidence of the crimes alleged would be found contained within the apartment or the vehicle. The warrants were based upon affidavits that were so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *Illinois v. Gates,* 462 U.S. 213 (1983).

Also based upon information and belief, the warrants were facially deficient, by failing to particularize the place to be searched or the things to be seized. The warrants fail to establish a sufficient nexus between alleged criminal conduct and the place to be searched. See, *United States v. Anderson*, 851 F.2d 727 (4th Cir. 1988)(forbidding general warrants).

The last clause of the Fourth Amendment contains a "particularity requirement," which "is fulfilled when the warrant identifies the items to be seized by their relation to designated crimes and when the description of the items leaves nothing to the discretion of the officer executing the warrant." *United States v. Dargan,*    F.3d    (4th Cir. December 24, 2013) (No. 13-4171), quoting *United States v. Williams*, 592 F.3d 511, 519 (4th Cir. 2010). "It is familiar history that indiscriminate searches and seizures conducted under the authority of 'general warrants' were the immediate evils that motivated the framing and adoption of the Fourth Amendment," *Payton v. New York*, 445 U.S. 573, 583 (1980). The Framers' horror of "general, exploratory rummaging in a person's belongings," *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971) (plurality

op.), led them to include the Particularity Clause in the Fourth Amendment. This Clause requires that a warrant must "particularity describe the place to be searched and the persons or things to be seized."

Upon information and belief, items seized from the residence and/or vehicle are beyond the scope of the items authorized to be seized by the warrant.

WHEREFORE, Mr. Kearney respectfully requests that this Court suppress all evidence obtained by law enforcement authorities as the result of the illegal searches and seizures of his residence and vehicle.

Respectfully submitted,

_____
Teresa Whalen
801 Wayne Avenue, Ste. 400
Silver Spring, Maryland 20910
(301) 588-1980; (301) 728-2905
Federal Bar: 25245

**REQUEST FOR HEARING**

The Defendant requests an evidentiary hearing on the matters set forth herein.