IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MALIEK KEARNEY, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-21-3149 |
| | | (Rel. Crim. No. GLR-16-486) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |
| | * | |

***

# **ORDER**

On December 10, 2021, self-represented Petitioner Maliek Kearney filed a Motion to Vacate, Modify, or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 220). The Government filed its Opposition to Petitioner's Motion on March 22, 2022, (ECF No. 229), and Petitioner filed his Reply on April 12, 2022, (ECF No. 230).

On August 24, 2015, Petitioner traveled across state lines to kill his wife, Karlyn Ramirez. (Sentencing Tr. at 11, ECF No. 185). Petitioner was charged and convicted of traveling interstate to commit an act of domestic violence and discharge of a firearm in a crime of violence under 18 U.S.C. §§ 2261(a)(1), 924(c), and 924(j). Section 2261, the federal domestic violence statute, criminalizes interstate travel where, as a result of such travel, an individual "commits or attempts to commit a crime of violence" against his spouse. 18 U.S.C. § 2261(a)(1). In Petitioner's Indictment, the Government identified that "crime of violence" as murder. (See Indictment at 1, ECF No. 1).

In his Motion, Petitioner argues that the Government modified the crime underlying his domestic violence charge and that the Court read the jury the wrong instruction as a result. (Mem. L. Supp. Mot. Under 28 U.S.C. § 2255 ["Mot."] at 4, ECF No. 220-1).[1] Specifically, in the Indictment, the Government identified murder generally as the predicate crime. (See Indictment at 1, ECF No. 1). Then, in the Superseding Indictment, the Government added a citation to the federal murder statute, 18 U.S.C. § 1111. (Superseding Indictment at 1, ECF No. 44; see Mot. at 4). For reasons that are unclear to the Court, the Government later referenced and quoted Maryland's pattern jury instruction for murder in its proposed jury instructions before trial. (See Gov't's Proposed Jury Instrs. at 48–49, ECF No. 64 (citing Md. Crim. Pattern Jury Instrs. 4-17 (2017))). The Court read the Government's proposed instruction to the jury. (Aug. 8, 2018 Tr. at 37–38, ECF No. 183).

Petitioner contends that by quoting and citing the Maryland Pattern Jury Instruction for murder in its proposed instructions, the Government constructively amended the previously identified predicate crime of violence, federal murder in violation of 18 U.S.C. § 1111. (Mot. at 5–6). In its Opposition, the Government agrees that the Court read the Maryland jury instruction on murder but does not otherwise address whether the Court erred by reading said instruction. (See Gov't's Resp. Opp'n ["Opp'n"] at 9, ECF No. 229). Further, the Government does not substantively address whether the requested instruction or the reading thereof prejudiced Petitioner. (See generally Opp'n).

---

[1] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Files ("CM/ECF") system.

2


Accordingly, it is this 31st day of October, 2022, by the United States District Court for the District of Maryland, hereby:

ORDERED that the Government shall, within thirty days of the date of this Order, FILE a supplemental brief, no greater than fifteen pages long, addressing (1) whether the Court's reading of the Maryland pattern jury instruction on murder was erroneous, and (2) whether Petitioner was prejudiced by the Court's reading of the instruction to the jury;

IT IS FURTHER ORDERED that Petitioner shall SUBMIT his response, no greater than ten pages long, within thirty days of the filing of Government's brief; and

IT IS FURTHER ORDERED that the Government shall SUBMIT a reply, no greater than seven pages long, withing ten days of the filing of Petitioner's response.

/s/
George L. Russell, III
United States District Judge