UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MALIEK KEARNEY, <br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Respondent. | CIVIL ACTION NO. GLR-21-3149 <br> (RELATED CRIMINAL NO. GLR-16-486) |

**GOVERNMENT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO**
**28 U.S.C. § 2255 MOTION**

On October 31, 2022, the Court issued an Order (ECF 236) asking for supplemental briefing regarding Mr. Kearney's 2255 motion. That Order specifically asked the Government to further address whether there was a constructive amendment of the indictment in this case. As discussed further below, there was no constructive amendment and the Court did not err in instructing the jury on the elements of murder. Mr. Kearney's 2255 Motion should be denied.

**I.   Factual Background**

Importantly, in the Court's Order (ECF 236), the Court suggests a primary reason for the supplemental briefing as follows: "Then, in the Superseding Indictment, the Government added a citation to the federal murder statute, 18 U.S.C. § 1111. (Superseding Indictment at 1, ECF No. 44; see Mot. at 4)." That is incorrect. The Superseding Indictment (ECF 44) makes *no reference to 18 U.S.C. § 1111*. Specifically, the entirety of Count One of the Superseding Indictment reads:

> **COUNT ONE**
>
> The Grand Jury for the District of Maryland charges that:
>
> On or about August 24, 2015, in the District of Maryland and elsewhere, the defendant,
>
> **MALIEK KEARNEY,**
>
> traveled in interstate commerce with the intent to kill Karlyn Ramirez, his spouse, and, while in the course of and as a result of said travel, committed and attempted to commit murder, a crime of violence against Karlyn Ramirez, in that the defendant used a dangerous weapon, to wit, a firearm, during said offense, and that the actions of the defendant resulted in the death of Karlyn Ramirez, in violation of Title 18 U.S.C. § 2261.
>
> 18 U.S.C. § 2261(a)(1)
> 18 U.S.C. § 2

(ECF 44 at 1.) The Court's Order also cites to page four of Mr. Kearney's original 2255 motion for the same proposition. (ECF 236 at 2.) A review of the section of Mr. Kearney's motion referenced by the Court, however, reveals exactly the opposite. Specifically, Mr. Kearney's motion explains:



*THE SUPERSEDING INDICTMENT DOES NOT REFERENCE ANY PATICULAR MURDER STATUTE. [ECF. 44] DEFENSE*

(ECF 220-1 at 4.) It is vital that this apparent misconception in the Court's Order for supplemental briefing be corrected. The Court's Order is the first and only document in this case to suggest that any Indictment referenced a specific murder statute. That suggestion is inconsistent with both the original and superseding indictments, and the allegations made by Mr. Kearney in his brief. As discussed below, a proper understanding of this fact is vital to the constructive amendment analysis. Because there was no constructive amendment in this case, there was no error in instructing the jury.

**II.    Argument**

The Fifth Amendment requires indictment by a grand jury and "'guarantees that a criminal defendant will be tried only on the charges in a grand jury indictment.'" *United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999) (quoting *United States v. Reyes*, 102 F.3d 1361, 1364 (5th Cir. 1996)).  Thus, where "the district court, through its instructions to the jury…broadens the bases for conviction beyond those charged in the indictment, a constructive amendment—sometimes referred to as a fatal variance—occurs." *Id.* (citing *United States v. Redd*, 161. F.3d 793, 795 (4th Cir. 1998)).

Specifically, this occurs when the indictment alleges one crime but the jury is instructed on the elements of a different or broader crime.  For example, in *Randall*, the court reversed a conviction in part due to a constructive amendment where the indictment charged the defendant with a violation of 18 U.S.C. § 924(c) for "using and carrying 'a firearm…during and in relation to a drug trafficking crime, … specifically, distribution of a narcotic controlled substance,'" but evidence presented at trial (and argument by the government) connected the firearm in question to a *possession with intent to distribute*, not an actual distribution, and the court instructed that the jury could convict based on possession with intent to distribute. *Id.* at 204 (emphasis added). *See also United States v. Floresca*, 38 F.3d 706, 708-09 (4th Cir. 1994) (finding constructive amendment where indictment charged a violation of 18 U.S.C. § 1512(b)(1) but the jury was instructed on the elements of 18 U.S.C. § 1512(b)(3)); *United States v. Simmons*, 11 F.4th 239, 267-68 (4th Cir. 2021) (finding constructive amendment where the indictment charged Va. Code § 18.2-53.1 as a VICAR predicate but the jury was instructed on the elements of Va. Code § 18.2-53, a different offense); *United States v. Banks*, 29 F.4d 168, 174 (4th Cir. 2022) (noting potential constructive amendment where the indictment charged defendant with possessing with intent to

3

distribute methamphetamine but the court instructed the jury that it could convict if it found he possessed drugs with intent to distribute them or actually distributed them).

Although, as discussed in the above cases, the Government must prove and the jury must be instructed on the specific predicate offense listed in an indictment, "the government is under no obligation to identify a specific predicate offense…." *Randall*, 171 F.3d at 205; *see also Stirone v. United States*, 361 U.S. 212, 218 (1960) ("[W]hen only one particular kind of commerce is charged to have been burdened a conviction must rest on that charge and not another, even though it be assumed that under an indictment drawn in general terms a conviction might rest upon a showing that commerce of one kind or another had been burdened."). Thus, in this case, the indictment could have alleged simply that a "crime of violence" had been committed in line with the language in the statute, i.e., "and who, in the course of or as a result of such travel or presence, commits or attempts to commit a crime of violence against that spouse…." *See* 18 U.S.C. § 2261.

As discussed above, the Superseding Indictment in this case did identify that murder was the predicate "crime of violence" but did not identify a particular murder statute. Prior to deliberations, the district court properly instructed the jury that they needed to find that Mr. Kearney had committed a murder, (Exh. 3 at 34,) and explained the elements of murder, the precise crime of violence alleged in the indictment. (Exh. 3 at 37-38 (detailing the elements of Maryland first- and second-degree murder).) Thus, in stark contrast to situations where there is a constructive amendment, here the jury was instructed on the ***specific elements of the predicate crime specified in the indictment***. This distinction makes sense – the hallmark of a constructive amendment is that it "broadens the bases for conviction beyond those charged in the indictment." *Randall*, 171 F.3d at 203. Here, by providing the jury with specific instructions on the specific predicate crime charged (i.e., murder) the court narrowly focused the basis for a conviction, as opposed to

improperly broadening it.  So, there was no constructive amendment and the Court did not err in instructing the jury on the elements of murder.

Of course, as detailed in the Government Opposition, although Mr. Kearney has raised this as a claim that trial counsel was ineffective, the issue of constructive amendment was raised by trial counsel during the trial several times and addressed by the court so – in addition to the fact that there was no constructive amendment – there was also no ineffectiveness by trial counsel regarding this issue.  (ECF 229 at 4-5, 11.)

### III.     Conclusion

In light of the above, and the prior briefing on this issue, the Court should deny Mr. Kearney's Motion to Vacate, Modify, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 220). Of course, if the Court has any additional concerns about the factual or legal issues related to this, the Government stands ready to provide further briefing.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____/s/_____
Kenneth S. Clark
Assistant United States Attorney

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing will be sent on December 1, 2022, via U.S. mail to:

Maliek Kearney
Reg. No. 79942-380
USP Pollock
P.O. BOX 2099
Pollock, LA 71467

                                                            _____/s/_____
                                                          Kenneth S. Clark